Dear Mayor Tullos:
You advise us that the Town of Tullos is a Lawrason Act municipality, governed by R.S. 33:321, et seq. Those provisions of that law which are pertinent to your questions are cited herein.
 Question One
Is there any way that the expense of an election for chief of police may be avoided?
Your first question necessitates our review of R.S. 33:381.1, which sets forth the procedure for converting the position of chief of police from an elected office to an appointed position. The statute in its entirety provides:
 § 381.1 Election or appointment of marshal
 The marshal who is the chief of police in such municipalities shall be elected at large, provided that, notwithstanding any other provisions of law to the contrary, a majority of the qualified electors voting therein may, at a special election called by the board of aldermen for that purpose, authorize the mayor to thereafter appoint a marshal with the approval of the board of aldermen. Such special election shall be called only upon the presentation of a petition, directed to the board of aldermen and signed by a least twenty-five percent of the qualified electors of the municipality. Once such an election has been called and held, no further or other election on the same question shall be held for at least four years.
 If the people of any municipality vote to authorize the mayor to appoint the marshal, the first such appointment shall be made at the end of the term of the marshal in office at the time the election was held unless at that time the office of marshal is vacant or the incumbent is an appointed official.
 Upon the expiration of at least four years after the effective date of any such determination that the marshal shall be an appointed rather than an elected official the people of any such municipality may determine that said official shall be elective, but only in the same manner and through the same petition and election procedure as hereinabove set forth.
Thus, in specific response, you must continue to hold an election for the chief of police until such time as there has been compliance with R.S. 33:381.1.
 Question Two
If an election is required, may a town councilman vote for his brother to fill the position?
We respond affirmatively to your second question, and conclude that an elected councilman may cast his vote for his brother for chief of police should the latter become a candidate for the office. The councilman's right to vote is a fundamental right unimpaired by the fact that he casts his ballot for his brother while holding elective office within the same municipality in which his brother is a candidate.
Your concerns regarding nepotism are invoked only in the instance where the chief of police's position becomes an appointed one. This question concerning governmental ethics must be directed to and answered by the Louisiana Board of Ethics, 8401 United Plaza Blvd., Suite 200, Baton Rouge, LA 70809 (225-922-1400).
 Question Three
May the Chief of Police of the Town of Tullos accept full-time employment with the LaSalle Parish Sheriff's Office as an investigator?
We respond affirmatively to your third question. R.S. 42:66(M) of the Louisiana Dual Officeholding and Dual Employment Law is applicable to the Town of Tullos and provides:
 Nothing in this Part shall be construed to prohibit a chief of police of a municipality with a population of less than five thousand according to the 1990 federal decennial census from holding the office of deputy sheriff.
Thus, the law permits your elected chief of police to work for the sheriff's department.
Should you have further questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams